IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELTON RESULAJ and<br>ERICA RESULAJ<br><br>v.<br><br>ALLSTATE PROPERTY AND CASUALTY<br>INSURANCE COMPANY d/b/a ALLSTATE | :<br>:<br>: CIVIL ACTION - LAW<br>:<br>: NO.: 12-cv-03419<br>:<br>:<br>: |

**DEFENDANT, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY'S, MEMORANDUM OF LAW IN SUPPORT OF ITS 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant, Allstate Property and Casualty Insurance Company ("Allstate"), by and through its attorneys, Donnelly & Associates, P.C., hereby submits this Memorandum of Law in Support of its 12(b)(6) Motion to Dismiss Plaintiff's Complaint.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

On June 15, 2012, Plaintiffs instituted the present action through the filing of a Civil Action Complaint. See a true and correct copy of Plaintiffs' Complaint attached hereto and incorporated herein as Exhibit "A." On June 22, 2012, Plaintiffs effectuated service of the Complaint, to which Allstate now files the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Complaint seeks damages recoverable under a policy of insurance issued by Allstate to Plaintiffs covering their home and personal property which stem from Allstate denying two separate claims that occurred on two separate dates. In the first loss, Plaintiffs' contend that Allstate breached the policy of insurance by refusing to indemnify them for water damage to the property that was first noticed on or about April 11, 2011. See Exhibit "A" at ¶13. In the second loss, Plaintiffs' contend that Allstate breached the policy of insurance by refusing to indemnify them for water damage that allegedly occurred on August 29, 2011.

As a result of Allstate denying Plaintiffs' April 11, 2011 and August 29, 2011 claims, Plaintiffs assert that Allstate committed statutory bad faith pursuant to 42 P.A.C.S.A.§8371 (Count I); breached the

insurance contract and the duty of good faith and fair dealing (Count II); breached an alleged fiduciary duty (Count III); and violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law (Count IV). For the reasons set forth and relied upon below, Allstate respectfully requests that this Court dismiss Plaintiffs' request for punitive damages, and dismiss Counts III (Breach of Fiduciary Duty) and IV (UTCPL), as Plaintiffs has failed to state valid claims for which relief may be granted.

## II.   ARGUMENT

### A.   STANDARD OF REVIEW

In evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept the plaintiff's well-pleaded allegations as true and draw all reasonable inferences in his favor. See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008). The complaint's factual allegations must be enough to **raise a right to relief above the speculative level**. Id. at 234 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (emphasis added). Thus, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts sufficient to "nudge [his] claims across the line from conceivable to plausible." Id. (quoting Twombly, 550 U.S. at 570, 127 S.Ct. (1955)). The Court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir.1997). Recently, the Supreme Court held that while this standard does not require "detailed factual allegations," there must be a " 'showing,' rather than a blanket assertion of entitlement to relief ... '[F]actual allegations must be enough to raise a right to relief above the speculative level' " in order to survive a 12(b)(6) motion to dismiss. Philips v. County of Allegheny, 515 F.3d 224, 231-32 (3d Cir.2008) (quoting Twombly, 127 S.Ct. at 167 (1955)).

### B.   PLAINTIFFS' COMPLAINT FAILS TO SET FORTH A BASIS FOR PUNITIVE DAMAGES

In the present matter, Plaintiffs are seeking recovery of punitive damages in conjunction with Allstate's denial of their two claims. See Exhibit "A" at VI Prayer for Relief. Assuming in arguendo that Plaintiffs can establish some form of bad faith in conjunction with Allstate's denial of their claims, the

2

allegations contained in the Complaint do not support a cause of action for punitive damages. Therefore, at a minimum, Plaintiffs' request for punitive damages should be stricken.

To permit recovery of punitive damages, this Court must find not only that Allstate acted in bad faith, but also that Allstate was malicious, wanton and willful in its conduct. See Restatement Second of Torts, '908(2); Feld v. Mariam, 45 A.2nd 742, 747-748 (Pa. 1984), (citing Chambers v. Montgomery, 192 A.2d 355, 358 (Pa. 1963)); see also Kirkbridge v. Lisbon Contractors, Inc.,555 A.2d 800, 803 Pa. 1989 (Pa. 1999). In Rizzo v Haines, 555 A.2d 58 (1989), the Supreme Court of Pennsylvania explained:

> This court has adopted '902(2) of the Restatement Second of Torts regarding the imposition of punitive damages. That provision permits punitive damages for conduct that is "outrageous because of the defendant's evil motive or reckless indifference to the rightsof others." Restatement of Torts Second '902(2) 91977). See Feld v. Merriam, 506 Pa. 383, 485 A.2d 742 (1984); Chambers v. Montgomery, 411 Pa. 339, 192 A.2d 355 (1963). The Court may award punitive damages only if the conduct was malicious, wanton, reckless, willful or oppressive. Chambers, 411 Pa. at 344-345, 192 A.2d at 358. The proper focus is on "the act itself together with the wrongdoer and the relations between the parties. . . ." Id. at 345, 192 A.2d at 358. In addition, the act or state of mind is relevant. The act or omission must be intentional, reckless or malicious. Feld, 506 A.2d at 396, 485 A.2d at 748.

Id. 555 A.2d at 69. Thus, a much higher standard is needed for the award of punitive damages.

In the present case, the allegations in the Complaint do not approach the level of malicious, wanton or willful conduct necessary to support a cause of action for punitive damage. See Exhibit "A." Therefore, the Complaint fails to state a cause of action upon which the relief sought, i.e. punitive damages, may be rendered. Accordingly, the Complaint should be dismissed as it relates to any claim for punitive damages.

### C. PLAINTIFFS' COMPLAINT FAILS TO SET FORTH A VALID CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

Count IIII alleges that Allstate owes Plaintiffs a fiduciary duty and seeks recovery of damages for Allstate's alleged breach of this fiduciary duty. See Exhibit "A" at ¶37-40. In Pennsylvania, an insurer owes its insured a duty of "good faith and fair dealing." As discussed below, however, the Pennsylvania

courts have specifically rejected the invitation to expand and elevate the duty owed to an insured to the point of a "fiduciary duty." Thus, under the facts of this case, Count III is meritless as a matter of law.

In Pennsylvania, the duty that is owed by an insurer to its insured is of "good faith and fair dealing." See Miller v. Keystone Insurance Co., 636 A.2d 1109 (Pa. 1994). Importantly, this duty is not a fiduciary duty. In contrast to the duty of good faith, a fiduciary duty requires one to "act for someone else's benefit, while subordinating one's personal interests to that of the other person. It is the highest standard of duty implied by law (e.g. trustee, guardian)." Black's Law Dictionary, 6th Ed. (1990). However, *"no Pennsylvania law establishes a fiduciary duty based on the duty of good faith and fair dealing."* Connecticut Indemnity Co. v. Markman, 1993 WL 304056 (E.D. Pa) (emphasis added). Therefore, no such duty can be applied herein.

In addressing the particular issue of whether there is a fiduciary relationship between an insurer and an insured, the Pennsylvania Supreme Court "treats the breach of the contractual duty of good faith and breach of fiduciary duty synonymously in the context of insurance cases." Greater N.Y. Mut. Ins. Co. v. N. River Ins. Co., 872 F.Supp. 1403, 1409 (E.D.Pa. 1995) (citing Gedeon v. State Farm Mut. Auto. Ins. Co., 410 Pa. 55, 188 A.2d 320, 322 (Pa.1963)). Importantly, Pennsylvania law does not permit common law tort actions for breach of fiduciary duty in the context of insurance cases. Id.; see also Wood v. Allstate Ins. Co., Civ. A. No. 96-4574, 1996 WL 637832, at *2 (E.D.Pa. Nov.4, 1996) (striking an insured plaintiff's cause of action for breach of fiduciary duty, and ruling that it was subsumed by the plaintiff's bad faith claim and therefore redundant)

Likewise, the United States District Court for the Eastern District of Pennsylvania has held that "[i]nsured and insurer do not create fiduciary relationship by merely entering into an insurance contract." Federated Life Ins. Co. v. Walker, 1997 U.S.Dist. LEXIS 566, *46 - *47 (E.D.Pa. 1997) (internal quotations omitted). Rather, this Court explained, "an insurer only assumes a fiduciary duty when it asserts a stated right under the policy to handle all claims brought against the insured." Id. This understanding is reinforced by the analysis of the Court of Common Pleas of Philadelphia County in 26 East Oregon Ave. v.Fidelity National Title Ins. Co., 2004 Phila. Ct. Com. Pl. LEXIS 37 (2004). The 26

East Orange Ave. Court held that "no fiduciary relationship exists between an insurer and its insured. Instead, the relationship between the insured and the insurer is one of buyer and seller." Id. at *16. Even more, the court in 26 East Oregon Ave. explained that "[i]n Pennsylvania, a breach of fiduciary duty claim against an insurer by an insured is synonymous with a breach of contractual duty of good faith and fair dealing. As such, *a breach of fiduciary duty claim is redundant of a breach of contract claim against an insurer.*" Id. at *15 (emphasis added). Thus, it is clear that outside of the very limited circumstances described in Walker, which are inapplicable to the instant matter, there is no fiduciary duty owed by an insurer to its insured. As there exists no cognizable legal authority in Pennsylvania for the award of any damages based on the "fiduciary duty" alleged in the Complaint, Count III of the Complaint must be dismissed.

### D.  COUNT IV (UTPCPL) MUST BE DISMISSED FOR FAILURE TO STATE A VALID CAUSE OF ACTION

Count IV of the Complaint fails to allege a valid cause of action under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). The UTPCPL provides that "any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property… may bring a private action to recover…" 73 P.S. 201-9.2.

The essence of a violation of the UTPCPL is fraud. The Pennsylvania Supreme Court has held that the UTPCPL is a fraud based statute, and as such, requires the pleading and proof of all the elements of common law fraud. See Weinberg v. Sun Co., 777 A.2d 442, 446 (Pa. 2001); Creamer ex. rel. Commonwealth v. Monumental Properties, Inc., 329 A.2d 812, 816-17 (Pa. 1974). In Prime Meats v. Yochim, 422 Pa. Super. 460, 619 A.2d 769 (1993), the Superior Court of Pennsylvania stated the following regarding a claim arising under the UTPCPL:

> The key to invoking the Unfair Trade Practices Act of the Consumer Protection Law is fraud…Actual fraud have five elements that must coalesce. 1) Misrepresentation of a material fact; 2) scienter 3) intention by the declarant to induce action; 4) justifiable reliance; and damage to the party as a result of the fraud. The Act does not change these elements.

Likewise, in Hamner v. General Accident, 659 A.2d 617 (Pa. Super. 1996), the Superior Court of Pennsylvania reiterated that the elements of common law fraud must be proven in order to recover under the catchall provision of the UTPCPL. See also Thompson v. The Glenmede Trust Company, 2003 WL 1848011 (Pa.Com. Pls) (court dismissed the plaintiff's UTPCPL claim for failure to satisfy its burden of pleading the elements of common law fraud or that the deceptive caused the harm). In addition, fraud **is** never presumed but must be proved by **clear and convincing evidence**. See, e.g., Boyer v. Schultz, 14 Lebanon 58 (Pa.Com.Pl. 1971); Buffalo Sav. Bank v. Pompilii, 63 Lanc.Rev. 477 (Pa.Com.Pl. 1972) see, also, Union Bank v. Harris, 37 Erie 281 (Pa.Com.Pl. 1954) (emphasis added). Furthermore, vague, uncertain, confusing, and hearsay allegations raising mere suspicion will not overcome the presumption against the existence of fraud. See, e.g., Topolosky v. Gustain, 40 Wash.Co. 171 (Pa.Com.Pl. 1960).

Pennsylvania courts have repeatedly held that under the UTPCPL, only the improper performance of a contractual obligation is actionable, i.e., misfeasance. See Horowitz v. Federal Kemper Like Assurance Co., 57 F.3d 300, 307 (1995). On the other hand, the failure to perform a contractual duty, i.e., nonfeasance, "*such as an insurer refusing to issue payment on a claim*" is not actionable. Id. (emphasis added). In Gordon v. Pennsylvania Blue Shield, 378 Pa. Super. 256, 548 A.2d (1988), the Superior Court of Pennsylvania addressed an insurer's refusal to pay a claim and whether it amounted to misfeasance for purposes of the plaintiff's UTPCPL claim. The Superior Court in Gordon dismissed the plaintiff's UTPCPL claim and held that the defendant's refusal to pay benefits to which the plaintiff felt entitled to amounted to little more than the failure to perform, or nonfeasance, as opposed to, the improper performance of a contractual obligation, i.e., misfeasance. Id. at 604. Further, the Superior Court in Gordon noted that nonfeasance is not sufficient to state a claim under the UTPCPL. Id. at 604; see also MacFarland v. United States Fidelity & Guaranty Co., 815 F.Supp. 108 (E.D. Pa. 1993) (failure to pay under an insurance contract constitutes nonfeasance); Klinger v. State Farm Mutual Auto Insurance Co., 895 F.Supp. 709 (M.D. Pa. 1995) (refusal to pay insurance benefits is nonfeasance, and is not actionable under the UTPCPL).

The present action is restricted to whether Allstate had a contractual obligation to pay insurance benefits stemming from the two losses to Plaintiffs' home. See Exhibit "A." Such an action amounts to little more than a contractual dispute between Plaintiffs and Allstate. Simply put, Plaintiffs are claiming that Allstate's refusal to issue payment on their claims constitutes a violation UTPCPL. The accusations contained in the Complaint establish that Plaintiff is accusing Allstate of nothing more than mere nonfeasance. Accordingly, such an accusation is not actionable under Pennsylvania's UTPCPL act. See Gordon supra. Accordingly, Plaintiff having failed to state a cognizable cause of action under the UTPCPL against Allstate, Count III of the Complaint must be dismissed.

### III.  CONCLUSION

For the reasons stated above, Defendant, Allstate Property and Casualty Insurance Company, respectfully requests that this Honorable Court grant its Motion to Dismiss pursuant to Federal Rule 12(b)(6) and enter the proposed Order attached hereto.

Respectfully Submitted,

DONNELLY & ASSOCIATES, P.C.

By: _____/s/ Andrew R. Rehmeyer_____
**ANDREW R. REHMEYER, ESQUIRE**
Attorney for Defendant
Allstate Property and Casualty Insurance Company
One West First Avenue
Suite 450
Conshohocken, PA  19428
(610) 828-2300
arehmeyer@donnellyandassociates.com
Attorney I.D. No. 206731