## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELTON RESULAJ and<br>ERICA RESULAJ | : | |
| | : | CIVIL ACTION - LAW |
| v. | : | |
| | : | NO.: 12-cv-03419 |
| ALLSTATE PROPERTY AND CASUALTY<br>INSURANCE COMPANY d/b/a ALLSTATE | : | |

## DEFENDANT, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY'S, MEMORANDUM OF LAW IN SUPPORT OF ITS 12(b)(6) MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendant, Allstate Property and Casualty Insurance Company ("Allstate"), by and through its attorneys, Donnelly & Associates, P.C., hereby submits this Memorandum of Law in Support of its 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint.

**I.      PROCEDURAL AND FACTUAL BACKGROUND**

On June 15, 2012, Plaintiffs instituted the present action through the filing of a Civil Action Complaint.  On June 22, 2012, Plaintiffs effectuated service of the Complaint, to which Allstate now files the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Thereafter, Allstate timely filed a Motion to Dismiss to which Plaintiffs filed the present Amended Complaint.  See a true and correct copy of Plaintiffs' Amended Complaint attached hereto and incorporated herein as Exhibit "A."

The Amended Complaint seeks damages recoverable under a policy of insurance issued by Allstate to Plaintiffs covering their home and personal property which stem from Allstate denying two separate claims that occurred on two separate dates.  In the first loss, Plaintiffs' contend that Allstate breached the policy of insurance by refusing to indemnify them for water damage to the property that was first noticed on or about April 11, 2011.  See Exhibit "A" at ¶13.  In the second loss, Plaintiffs' contend that Allstate breached the policy of insurance by refusing to indemnify them for water damage that allegedly occurred on August 29, 2011.

As a result of Allstate denying Plaintiffs' April 11, 2011 and August 29, 2011 claims, Plaintiffs assert that Allstate committed statutory bad faith pursuant to 42 P.A.C.S.A.§8371 (Count I); breached the insurance contract and the duty of good faith and fair dealing (Count II); breached an alleged fiduciary duty (Count III); and violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law (Count IV). For the reasons set forth and relied upon below, Allstate respectfully requests that this Court dismiss Plaintiffs' request for punitive damages, and dismiss Counts III (Breach of Fiduciary Duty) and IV (UTCPL), as Plaintiffs has failed to state valid claims for which relief may be granted.

## II.   ARGUMENT

### A.   STANDARD OF REVIEW

In evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept the plaintiff's well-pleaded allegations as true and draw all reasonable inferences in his favor. See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008). The complaint's factual allegations must be enough to **raise a right to relief above the speculative level**. Id. at 234 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (emphasis added). Thus, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts sufficient to "nudge [his] claims across the line from conceivable to plausible." Id. (quoting Twombly, 550 U.S. at 570, 127 S.Ct. (1955)). The Court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir.1997). Recently, the Supreme Court held that while this standard does not require "detailed factual allegations," there must be a " 'showing,' rather than a blanket assertion of entitlement to relief ... '[F]actual allegations must be enough to raise a right to relief above the speculative level' " in order to survive a 12(b)(6) motion to dismiss. Philips v. County of Allegheny, 515 F.3d 224, 231-32 (3d Cir.2008) (quoting Twombly, 127 S.Ct. at 167 (1955)).

**B.     PLAINTIFFS' AMENDED COMPLAINT FAILS TO SET FORTH A BASIS FOR PUNITIVE DAMAGES**

In the present matter, Plaintiffs are seeking recovery of punitive damages in conjunction with Allstate's denial of their two claims.  Assuming in arguendo that Plaintiffs can establish some form of bad faith in conjunction with Allstate's denial of their claims, the allegations contained in the Amended Complaint do not support a cause of action for punitive damages.  Therefore, at a minimum, Plaintiffs' request for punitive damages should be stricken.

To permit recovery of punitive damages, this Court must find not only that Allstate acted in bad faith, but also that Allstate was malicious, wanton and willful in its conduct.  See Restatement Second of Torts, '908(2); Feld v. Mariam, 45 A.2nd 742, 747-748 (Pa. 1984), (citing Chambers v. Montgomery, 192 A.2d 355, 358 (Pa. 1963)); see also Kirkbridge v. Lisbon Contractors, Inc.,555 A.2d 800, 803 Pa. 1989 (Pa. 1999). In Rizzo v Haines, 555 A.2d 58 (1989), the Supreme Court of Pennsylvania explained:

> This court has adopted '902(2) of the Restatement Second of Torts regarding the imposition of punitive damages. That provision permits punitive damages for conduct that is "outrageous because of the defendant's evil motive or reckless indifference to the rightsof others." Restatement of Torts Second '902(2) 91977). See Feld v. Merriam, 506 Pa. 383, 485 A.2d 742 (1984); Chambers v. Montgomery, 411 Pa. 339, 192 A.2d 355 (1963). The Court may award punitive damages only if the conduct was malicious, wanton, reckless, willful or oppressive. Chambers, 411 Pa. at 344-345, 192 A.2d at 358. The proper focus is on "the act itself together with the wrongdoer and the relations between the parties. . . ." Id. at 345, 192 A.2d at 358. In addition, the act or state of mind is relevant. The act or omission must be intentional, reckless or malicious. Feld, 506 A.2d at 396, 485 A.2d at 748.

Id. 555 A.2d at 69.   Thus, a much higher standard is needed for the award of punitive damages.

In the present case, the allegations in the Amended Complaint do not approach the level of malicious, wanton or willful conduct necessary to support a cause of action for punitive damage.  See Exhibit "A."  Therefore, the Amended Complaint fails to state a cause of action upon which the relief sought, i.e. punitive damages, may be rendered.  Accordingly, the Amended Complaint should be dismissed as it relates to any claim for punitive damages.

3

**D.     COUNT III (UTPCPL) MUST BE DISMISSED FOR FAILURE TO STATE A VALID CAUSE OF ACTION**

**i.     The Failure to Perform a Contractual Obligation Does Not Give Rise to a Viable Cause of Action under the Unfair Trade Practices and Consumer Protection Law**

Count III of the Amended Complaint fails to allege a valid cause of action under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). The UTPCPL provides that "any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property... may bring a private action to recover..." 73 P.S. 201-9.2.

The essence of a violation of the UTPCPL is fraud. The Pennsylvania Supreme Court has held that the UTPCPL is a fraud based statute, and as such, requires the pleading and proof of all the elements of common law fraud. See Weinberg v. Sun Co., 777 A.2d 442, 446 (Pa. 2001); Creamer ex. rel. Commonwealth v. Monumental Properties, Inc., 329 A.2d 812, 816-17 (Pa. 1974). In Prime Meats v. Yochim, 422 Pa. Super. 460, 619 A.2d 769 (1993), the Superior Court of Pennsylvania stated the following regarding a claim arising under the UTPCPL:

> The key to invoking the Unfair Trade Practices Act of the Consumer Protection Law is fraud...Actual fraud have five elements that must coalesce.  1) Misrepresentation of a material fact; 2) scienter 3) intention by the declarant to induce action; 4) justifiable reliance; and damage to the party as a result of the fraud.  The Act does not change these elements.

Likewise, in Hamner v. General Accident, 659 A.2d 617 (Pa. Super. 1996), the Superior Court of Pennsylvania reiterated that the elements of common law fraud must be proven in order to recover under the catchall provision of the UTPCPL. See also Thompson v. The Glenmede Trust Company, 2003 WL 1848011 (Pa.Com. Pls) (court dismissed the plaintiff's UTPCPL claim for failure to satisfy its burden of pleading the elements of common law fraud or that the deceptive caused the harm). In addition, fraud is never presumed but must be proved by **clear and convincing evidence**. See, e.g., Boyer v. Schultz, 14 Lebanon 58 (Pa.Com.Pl. 1971); Buffalo Sav. Bank v. Pompilii, 63 Lanc.Rev. 477 (Pa.Com.Pl. 1972) see, also, Union Bank v. Harris, 37 Erie 281 (Pa.Com.Pl. 1954) (emphasis added). Furthermore, vague,

uncertain, confusing, and hearsay allegations raising mere suspicion will not overcome the presumption against the existence of fraud. See, e.g., Topolosky v. Gustain, 40 Wash.Co. 171 (Pa.Com.Pl. 1960).

Pennsylvania courts have repeatedly held that under the UTPCPL, only the improper performance of a contractual obligation is actionable, i.e., misfeasance. See Horowitz v. Federal Kemper Like Assurance Co., 57 F.3d 300, 307 (1995). On the other hand, the failure to perform a contractual duty, i.e., nonfeasance, "*such as an insurer refusing to issue payment on a claim*" is not actionable. Id. (emphasis added). In Gordon v. Pennsylvania Blue Shield, 378 Pa. Super. 256, 548 A.2d (1988), the Superior Court of Pennsylvania addressed an insurer's refusal to pay a claim and whether it amounted to misfeasance for purposes of the plaintiff's UTPCPL claim. The Superior Court in Gordon dismissed the plaintiff's UTPCPL claim and held that the defendant's refusal to pay benefits to which the plaintiff felt entitled to amounted to little more than the failure to perform, or nonfeasance, as opposed to, the improper performance of a contractual obligation, i.e., misfeasance. Id. at 604. Further, the Superior Court in Gordon noted that nonfeasance is not sufficient to state a claim under the UTPCPL. Id. at 604; see also MacFarland v. United States Fidelity & Guaranty Co., 815 F.Supp. 108 (E.D. Pa. 1993) (failure to pay under an insurance contract constitutes nonfeasance); Klinger v. State Farm Mutual Auto Insurance Co., 895 F.Supp. 709 (M.D. Pa. 1995) (refusal to pay insurance benefits is nonfeasance, and is not actionable under the UTPCPL).

The present action is restricted to whether Allstate had a contractual obligation to pay insurance benefits stemming from the two losses to Plaintiffs' home. See Exhibit "A." Such an action amounts to little more than a contractual dispute between Plaintiffs and Allstate. Simply put, Plaintiffs are claiming that Allstate's refusal to issue payment on their claims constitutes a violation UTPCPL. The accusations contained in the Amended Complaint establish that Plaintiff is accusing Allstate of nothing more than mere nonfeasance. Accordingly, such an accusation is not actionable under Pennsylvania's UTPCPL act. See Gordon supra. Accordingly, Plaintiff having failed to state a cognizable cause of action under the UTPCPL against Allstate, Count III of the Amended Complaint must be dismissed.

ii.     **Plaintiffs' UTPCPL Claim Is Barred By Pennsylvania's Gist of the Action Doctrine**

Pennsylvania recognizes the longstanding common law distinction between tort and contract

actions.  To maintain and support that distinction Pennsylvania has adopted the gist

of the action doctrine.  See eToll, Inc. v. Elias/Savion Adver., Inc., 811 A.2d 10, 14 (Pa. Super.

2002) (recognizing that the gist of the action doctrine "precludes plaintiffs from re-casting ordinary

breach of contract claims into tort claims.").  Under the gist of the action doctrine if tort claims are based

on rights that derive from a contract, then the plaintiff's remedies are limited to the remedies available in

contract.  Id.; Pittsburgh Construction Co. v. Griffith, 834 A.2d 572, 582 (Pa. Super. 2003) ("a claim

should be limited to a contract claim when the parties' obligations are defined by the terms of the

contracts…") (citing Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 104 (3d Cir.

2001), cert denied 534 U.S. 1162 (2002)).  If the plaintiff "essentially alleges a breach of duties that flow

from an agreement between the parties," the plaintiff is limited to contract remedies.  Caudill Seed &

Warehouse Co., Inc. v. Prophet 21, Inc., 123 F. Supp. 2d 826, 833 (E.D. Pa. 2000); see also Perkins, 589

F. Supp. 2d at 568 (dismissing fraud claim under gist of the action doctrine because it was "collateral to

and dependent upon" a breach of contract claim).

It is clear that Plaintiffs' purported UTPCPL claim in this case derives from the rights under their

Allstate insurance contract.  On its face, the allegations states a contract claim. Describing a failure to

perform contract obligations and then reciting the elements of a UTCPL cause of action cannot convert a

contract claim into a tort claim.  See generally Williams v. Hilton Group PLC, 93Fed. Appx. 384, 386 (3d

Cir. Mar. 17, 2004) (the gist of the action doctrine requires "a fact intensive judgment as to the true nature

of [Plaintiffs'] claim."); Meridian/State Farm Auto Ins. Co. v. Franklin, No. 04-573, 2004 U.S. Dist.

LEXIS 25759, *14 (E.D. Pa. Dec. 23, 2004); Caudill Seed, 123 F. Supp. 2d at 833 (a court must

"determine from the complaint the essential nature of the claim alleged" by looking to the "source of the

duties allegedly breached." (citing Bash v. Bell Tel. Co., 601 A.2d 825 (Pa. Super. 1992)); Gordon v.

Pennsylvania Blue Shield, 548 A.2d 600, 604 (Pa. Super. Ct. 1988) ("The test used to determine if there

exists a cause of action in tort growing out of a breach of contract is whether there was an improper performance of a contracted obligation (misfeasance) rather than the mere failure to perform (nonfeasance)." (quoting Raab v. Keystone Ins. Co., 412 A.2d 638 (Pa. Super. Ct. 1979)), *superseded by statuteon other grounds, as recognized in* Romano v. Nationwide Mut. Fire Ins. Co., 646 A.2d 1228 (Pa. Super. Ct. 1994).

Plaintiffs' own pleadings make it patently obvious that the gist of this action is breach of contract. Plaintiffs have not identified a single allegedly wrongful act that is not directly tied to duties that exist only under the contract. Accordingly, the Court should dismiss the UTPCPL claim with prejudice.

## III.    **CONCLUSION**

For the reasons stated above, Defendant, Allstate Property and Casualty Insurance Company, respectfully requests that this Honorable Court grant its Motion to Dismiss pursuant to Federal Rule 12(b)(6) and enter the proposed Order attached hereto.

Respectfully Submitted,

DONNELLY & ASSOCIATES, P.C.

By:         /s/ Andrew R. Rehmeyer
**ANDREW R. REHMEYER, ESQUIRE**
Attorney for Defendant
Allstate Property and Casualty Insurance Company
One West First Avenue
Suite 450
Conshohocken, PA  19428
(610) 828-2300
arehmeyer@donnellyandassociates.com
Attorney I.D. No. 206731

7